**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Patrick Guess, Appellant.

Appellate Case No. 2011-203688

———————————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-056
Submitted December 1, 2013 – Filed February 5, 2014

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brannon*, 379 S.C. 487, 494, 666 S.E.2d 272, 275 (Ct. App. 2008) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, an appellate court views evidence and all reasonable inferences in the light most favorable to the State."); S.C. Code Ann.

§ 44-48-30(1) (Supp. 2013) (defining a sexually violent predator as "a person who: (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); S.C. Code Ann. § 44-48-30(9) (Supp. 2013) (providing the phrase "likely to engage in acts of sexual violence" means a "propensity to commit acts of sexual violence . . . of such a degree as to pose a menace to the health and safety of others").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.